UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Crim. No.: 6:15-cr-00015-GFVT-CJS-5 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| JAMES DAREN STURGILL, ) | **&** |
| ) | **ORDER** |
| Defendant. ) | |
| ) | |
| ) | |

*** *** *** ***

This matter is before the Court on Defendant James Daren Sturgill's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582(c)(2), Amendment 782, and U.S.S.G § 1B1.10. [R. 1057.] For the following reasons, Mr. Sturgill's motion will be DENIED.

**I**

On January 3, 2017, following a guilty verdict for conspiracy to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846, Judge Amul Thapar sentenced Mr. Sturgill to 300 months of imprisonment and five years of supervised release. [R. 695.] Mr. Sturgill subsequently appealed his conviction and sentence, and the Sixth Circuit affirmed on January 28, 2019. [R. 853 at 16.] On January 20, 2021, Mr. Sturgill filed a motion for compassionate release based on his health conditions in combination with the Covid-19 pandemic. [R. 972.] The Court denied Mr. Sturgill's motion on February 3, finding that although Mr. Sturgill demonstrated extraordinary and compelling circumstances justifying

release, he failed to satisfy the § 3553(a) factors.[1] [R. 976.] On December 21, the Sixth Circuit affirmed the Court's denial of Mr. Sturgill's compassionate release motion. [R. 1025.]

Mr. Sturgill now brings a second motion for compassionate release, but this time on completely different grounds. [R. 1057.] Mr. Sturgill now argues that because he was sentenced to a term of imprisonment that has since been reduced, he should receive a two-level reduction in his sentence. *Id.* Mr. Sturgill also briefly notes that the "probation agency did not use or give credit of the 782 Amendment" in his PSR and that his attorney "was ineffective by not [c]hallenging the base offense level of 34" because Amendment 782 providing the two-level reduction "came out [in] November 2014." *Id.*

## II

Eighteen U.S.C. § 3582(c)(2) provides the following:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Mr. Sturgill argues that because Amendment 782 is retroactive, he should receive a two-point reduction to his sentence pursuant to § 3582(c)(2). Mr. Sturgill is correct that Amendment 782 was made retroactive. *United States v. Cook*, 870 F.3d 464, 467 (6th Cir. 2017) (citing U.S.S.G. § 1B1.10(d)). However, Mr. Sturgill is incorrect that Amendment 782 is applicable to his case for one fundamental reason: he was not sentenced "based on a sentencing range that has

---

[1] Because the Court previously found that Mr. Sturgill exhausted his administrative remedies, there is no need to readdress that issue here.

2

subsequently been lowered by the sentencing commission." *Id.*  Instead, "he was sentenced based on the career offender guidelines in § 4B1.1 due to his status as a career offender." *Cook*, 870 F.3d at 470.  Amendment 782 does not apply "when the defendant's initial sentence was based on his or her status as a career offender." *Id.* (citing *United States v. Payton*, 617 F.3d 911, 914 (6th Cir. 2010)).

However, even if Amendment 782 did apply, a court must consider the § 3553(a) factors when analyzing a sentence reduction motion.  § 3582(c)(2).  As the Court previously found, Mr. Sturgill has a breathtakingly long criminal history that spans state and federal court over much of Mr. Sturgill's adult life.  [R. 976.]  Mr. Sturgill's conviction in this case was one drug offense in a long line of previous drug offenses, and he has demonstrated a blatant lack of respect for the law by violating previous terms of supervision.  *Id.*  Ultimately, the § 3553(a) factors, particularly the nature and circumstances of the offense and history and characteristics of Mr. Sturgill and the need for the sentence imposed, strongly weigh against granting Mr. Sturgill's motion, and Mr. Sturgill has provided no argument to the contrary.  Accordingly, Mr. Sturgill's motion will be denied.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Sturgill's Motion for Compassionate Release **[R. 1057]** is **DENIED**.

This the 8th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge