UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:15-cr-00015-GFVT-CJS-5 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JAMES DAREN STURGILL, ) | **ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

The issue before the Court is Defendant James Daren Sturgill's Motion for Compassionate Release. [R. 1072]. For the reasons that follow, Mr. Sturgill's Motion is **DENIED**.

**I**

On August 2, 2016, a jury found Sturgill guilty of conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. [R. 558]. On January 4, 2017, the Court sentenced Sturgill to 300 months of incarceration. [R. 695]. He appealed his conviction and sentence to the Sixth Circuit, who affirmed the judgment of the district court. [R. 853]. Sturgill later moved to vacate his sentence [R. 877], which the Court denied. [R. 1067]. He then moved for compassionate release [R. 972], which the Court also denied. [R. 976]. Sturgill filed the instant Motion for Compassionate Release on July 14, 2025. [R. 1072]. At the time of filing, Sturgill had served 10 years of his 25-year sentence. [R. 1072-1 at 30].

**II**

**A**

The Court first addresses the exhaustion requirement. *See United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). The First Step Act now allows a defendant to move for a

sentence reduction through the compassionate release provision of 18 U.S.C. § 3582, whereas previously only the Bureau of Prisons could do so. Before a defendant may do so, they must exhaust their administrative remedies. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Government acknowledges that Sturgill did so. [R. 1073 at 3]. Sturgill submitted a compassionate release request to his warden on May 29, 2025. [R. 1072-1 at 11]. Warden F.J. Bowers denied this request on June 16, 2025. [*Id.* at 14]. Sturgill then filed his Motion for Compassionate Release on July 14, 2025. [R. 1072]. The Government responded in opposition to his motion on July 28, 2025. [R. 1073]. Sturgill later filed a reply letter. [R. 1074]. The matter is now fully briefed and ripe for review.

**B**

In general, a Court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But pursuant to the compassionate release statute, *id.* § 3582(c)(1)(A), a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." *Id.* § 3582(c)(1)(A)(i). The Court must also find that "the § 3553(a) factors, to the extent possible, support a reduction." *United States v. Bricker*, 135 F.4th 427, 433 (6th Cir. 2025) (citation modified). The Court will first address whether extraordinary and compelling reasons warrant a reduction. Then, the Court will address whether the reduction is consistent with the Standing Commission's policy statements and whether the § 3553(a) factors support a reduction.

**1**

USSG § 1B1.13 constitutes the policy statement of the Commission and seeks to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." USSG § 1B1.13

(2022) commentary background note. Extraordinary and compelling reasons include **(1)** medical circumstances of the Defendant, **(2)** age of the defendant, **(3)** family circumstances of the defendant, **(4)** whether the defendant is a victim of abuse, **(5)** other reasons that are similar in gravity to those described in paragraphs (1) through (4), and **(6)** whether the defendant has received an unusually long sentence. USSG § 1B1.13(b)(1)–(6). Sturgill partly grounds his motion on the fact that he has medical circumstances meeting part (1). Sturgill states that he has stage II COPD, hypertension, obesity, high cholesterol, and severe emphysema. [R. 1072-1 at 3]. These are certainly "long-term or specialized" medical needs, but Sturgill fails to articulate whether or in what way the Bureau of Prisons fails to provide for his needs. The evidence in the record dispels the notion that his medical condition is sufficiently extraordinary or compelling, particularly where he himself notes that he works as a caregiver for other inmates.[1] Warden Bowers' letter, attached to Sturgill's motion, states that Sturgill's medical record "indicates that [his] circumstances are not extraordinary or compelling" and that he "reside[s] on an open housing unit, [is] independent with [his] activities of daily living and FMC Devens is able to manage [his] medical needs at this time." [R. 1072-1 at 14]. The Court agrees with Warden Bowers' conclusion and so holds that Sturgill has not made out a sufficient showing that his medical needs constitute an extraordinary or compelling reason to justify compassionate release.

Sturgill also claims that special family circumstances justify an early release. [R. 1072 at 5]. Specifically, he claims that the caregiver of his minor children has become incapacitated, and he is the only available caretaker for his children. [*Id.*] This tracks part (3) of the commission's

---

[1] The Court notes that FMC Devens is an administrative federal medical center with an adjacent minimum security satellite camp. *FMC* Devens, Bureau of Prisons, https://www.bop.gov/locations/institutions/dev/. In other words, FMC Devens is a federal prison specifically for inmates requiring specialized medical care. This also cuts against Sturgill's contention that the Bureau cannot meet his medical needs because he resides at a facility specifically designed for the purpose of catering to medical needs such as his.

3

policy statement defining the "family circumstances" raising to the level of an extraordinary or compelling reason to justify a compassionate release. He did not explain his justification for this in his motion but did provide additional information in his reply letter. There, he stated that he has twin daughters who currently live with their grandmother, Mr. Sturgill's former mother-in-law. [R. 1074 at 1–2]. The mother—Sturgill's former spouse— is still living but currently resides with a new husband in Michigan. [*Id.*] The policy statement covers situations including "the death or incapacitation of the caregiver of the defendant's minor child" as well as where the

> defendant establishes that circumstances similar to those listed [in part 3] exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, *when the defendant would be the only available caregiver for such family member or individual*.

USSG § 1B1.13(b)(3) (emphasis added). Here, there is no evidence that the grandmother is incapacitated. There is similarly no evidence that the children's mother would be unable or unwilling to assume care for them if their grandmother became incapacitated or died. There is no evidence that Sturgill would be the "only available caregiver" for his daughters. Accordingly, the Court does not find that Sturgill's family circumstances warrant a departure from the currently imposed sentence.

Much of Sturgill's motion suggests that the Court should grant compassionate release because of his stellar disciplinary record and work history while incarcerated. The Commission permits the Court to consider "other reasons" in the policy statement, but those circumstances must be "similar in gravity to those described in paragraphs (1) through (4)." USSG § 1B1.13(b)(5). A clean disciplinary record and exemplary work history plainly do not reflect medical circumstances, advanced age, family circumstances, or physical or sexual abuse by Bureau staff or agents while incarcerated. While the Court commends Sturgill for his good

behavior, this does not weigh in favor of granting compassionate release. In conclusion, therefore, the Court finds that there are no extraordinary or compelling reasons to grant the motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) as enumerated by the Commission's policy statement in USSG § 1B1.13(b).

2

Had the Court found that Sturgill presented extraordinary or compelling reasons to grant the motion, it would still have to determine that the § 3553(a) factors support the reduction. *Bricker*, 135 F.4th at 433. The Court determined that no special circumstances exist warranting the grant of a compassionate release. The § 3553(a) factors similarly do not support a reduction. The Court already addressed these factors in its February 2, 2021, Order. [*See* R. 976 at 4–7]. The Court's analysis of these factors has not changed since it determined Sturgill's last compassionate release request. There the Court noted that Sturgill's lengthy criminal history "spans almost the entirety of [his] adult life." [*Id.* at 6]. Sturgill is a career offender pursuant to § 4B1.1, he has multiple state and federal convictions for drug trafficking, and he violated his terms of supervision on numerous occasions. [*Id.*] "Mr. Sturgill is a career offender who has repeatedly participated in the distribution of illegal substances throughout the Commonwealth and has demonstrated a blatant disregard for previous terms of supervision." [*Id.* at 7]. Early release is not appropriate at this time, and the Court finds that the public is protected by Sturgill's continued incarceration.

III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Sturgill's Motion for Compassionate Release **[R. 1072]** is **DENIED**.

This 12th day of March, 2026.

                                      Gregory F. Van Tatenhove
                                      United States District Judge